W. F. WARD and others *v.* F. B. PARKS.

Where a plaintiff, in an action of ejectment, shows that the defendant was *not* in possession of the premises in dispute when the action commenced, he must be non-suited.

(*Atwell* v. *McLure*, 4 Jones 371, cited and approved.)

CIVIL ACTION. Ejectment to recover certain lands, tried before his Honor, Judge *Cloud*, at the August (Special) Term, 1874, of WILKES Superior Court.

The following are the substantial facts, as agreed and signed by the counsel of the contesting parties:

The plaintiff introduced a grant and deeds which he alleged covered the tract of land described in his complaint, and offered testimony tending to show that they did cover said land. He then proved that after the bringing of this action the defendant caused a small tract of land, within the boundary of the above said described tract, to be run off by a surveyor, and marked one of the corners, and some trees along the line of said smaller tract; that he then forbid plaintiff to come on said smaller tract, and claimed it as his own. That the plaintiff had before that time held possession of said smaller tract, all of which was woodland, except a small corner of a field which extended into said land. That plaintiffs, ever since they were so forbidden, had kept off said small tract of land.

It was also in evidence that at some time before the bringing of this action, a jury had gone on the land, at whose instance, or under what authority, did not appear, and had given the said small tract of land to the defendant, and that tenants of defendant, who lived on other land not far off from the disputed land, at various times got firewood, rails and board timber, on said small tract of land, whether by the knowledge of defendant or not, does not appear.

Defendant, by his answer, denied that he was in possession of the disputed land. After the testimony was closed, the defendant's counsel suggested to his Honor that plaintiff had

failed to prove the defendant in possession of any part of the land in dispute, and his Honor remarked that he should instruct the jury that plaintiff had failed to do so.

Upon this intimation of his Honor, the plaintiff submitted to a non-suit, and appealed to the Supreme Court.

No counsel in this Court for appellant.
*Furches*, contra.

SETTLE, J. In ejectment, the plaintiff is bound to prove the defendant in possession of the premises which he seeks to recover.

To this general rule there are some exceptions, which we need not notice here, as none of them embrace the case under consideration. They may, however, be found stated with great clearness in *Atwell* v. *McLure*, 4 Jones, 371.

The defendant denies in his answer that he was in possession of the disputed land; and the evidence of the plaintiff failed to prove that the defendant was then, or ever had been, in possession of the same. The evidence of the plaintiff is suicidal.

The first shows that after the commencement of this action the defendant had a small boundary of woodland within his, plaintiff's, larger boundary, run off and marked, and then forbid him, plaintiff, to come on the said smaller tract.

But the plaintiff then shows that before that time he held possession of the said smaller tract. So, by the plaintiff's own proof, the defendant was not in possession of the disputed lands when this action was commenced.

The plaintiff then introduced evidence to show " that at some time before the bringing of this action, a jury had gone on the land, at whose instance or under what authority, did not appear, and had given the said small tract of land to the defendant; and that tenants of the defendant who lived on other land not far off from the disputed land, at various times got firewood, rails and board timber on said small tract of land

whether by the knowledge of defendant or not, did not appear."

Where this jury came from, at whose instance they came, under what authority they acted, how long was it before the commencement of this ᷢction that they gave "the said smaller tract of land" to the defendant, and yet left the plaintiff in full possession of the same, and how much the defendant knew of some of his tenants getting rails, &c., on the said smaller tract are questions for the curious to determine.

It is sufficient for our purposes to say that until these, or some more pertinent inquiries are determined, the plaintiff will not be entitled to a judgment against the defendant.

PER CURIAM.                           Judgment affirmed.